NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO HEYWARD,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>HAYWARD POLICE DEPARTMENT; et al.,<br><br>　　　　Defendants-Appellees. | No.　17-16412<br><br>D.C. No. 3:15-cv-04802-JCS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Chief Magistrate Judge, Presiding[**]

Submitted February 13, 2018[***]

Before:　　LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Marco Heyward appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging claims arising from his detention.  We have

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

　　[***]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Oyama v. Univ. of Hawaii*, 813 F.3d 850, 860 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Heyward's unlawful detention claim because Heyward failed to raise a genuine dispute of material fact as to whether defendants McCrea and Wright lacked probable cause to detain him. *See* Cal. Penal Code § 602(c); *United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984) (probable cause for a warrantless arrest exists if "under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime").

The district court properly granted summary judgment on Heyward's excessive force claim because Heyward failed to raise a triable dispute as to whether defendants McCrea and Wright's use of force in handcuffing Heyward was unreasonable. *See Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (discussing framework for analyzing an excessive force claim under the Fourth Amendment); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921-22 (9th Cir. 2001) (affirming summary judgment on an excessive force claim where plaintiff failed to provide specific facts that the force used by the

application of handcuffs was unreasonable).

The district court properly granted summary judgment on Heyward's equal protection claim based on racial profiling because Heyward failed to raise a triable dispute as to whether defendants McCrea and Wright's actions constituted intentional discrimination against Heyward based on his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) ("To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Heyward's claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because Heyward failed to raise a triable dispute as to whether a constitutional deprivation resulted from an official policy, practice, or custom. *See Cameron v. Craig*, 713 F.3d 1012, 1023 (9th Cir. 2013) (setting forth elements of a *Monell* claim).

Contrary to Heyward's contention, the record does not show that defendant White recorded the incident.

We reject as without merit Heyward's contentions concerning judicial bias,

17-16412

and fabrication and suppression of audio recordings.

**AFFIRMED.**